## TATUM *v.* GARRETT.

### [74 South. 324, Division B.]

1. APPEAL AND ERROR. *Affirmance. Stay of execution.*

   The supreme court on affirming a judgment for plaintiff cannot stay execution thereon until defendant is discharged from attachment and garnishment proceedings against him in another suit pending in the chancery court in which plaintiff is the principal defendant.

2. SAME.

   The affirmance in such case, however, and the overruling of a motion for stay of execution, does not necessarily mean that appellant as garnishee in the suit pending in the court below, could not hold the funds impounded in that suit until final adjudication.

APPEAL from the circuit court of Forrest county: HON. PAUL B. JOHNSON, Judge.

On motion to modify judgment of affirmance. For former opinion, see 73 So. 786.

The facts are stated in the opinion of the court.

*S. E. Travis,* for appellant.

*Sharborough & Bullard,* for appellee.

STEVENS, J., delivered the opinion of the court.

When the suggestion of error was filed in this case there was filed simultaneously therewith this motion to modify the judgment of affirmance, heretofore rendered, so as to direct that execution be stayed until the case of *W. O. Tatum* v. *Appellee,* pending in the chancery court of Forrest county, should be finally determined, or until appellant shall have been discharged from the attachment and garnishment in the said suit of W. O. Tatum. We have no right to direct in this cause a stay of execution.

The affirmance of this case, however, and the overruling of this motion, does not necessarily mean that appellant, as garnishee in the suit of W. O. Tatum, could not hold the funds impounded in that suit until final adjudication. Appellant would have a right to pay the fund into the court having jurisdiction of the W. O. Tatum suit, and thereby receive an acquittance of the judgment here rendered. The final determination of the present cause simply adjudicates the ultimate liability of appellant. Now that he has been adjudged to owe appellee the money sued for in the instant case, the application of this fund must be controlled in accordance with the general law in reference to garnishment. Certainly the affirmance of this cause would not relieve appellant of his duty and obligation as garnishee.

*Overruled.*